# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CURTIS THORNTON, | ) |
|     Petitioner, | ) |
| v. | ) Case No. 2:15-cv-01747-AKK-HNJ |
| WARDEN CHRISTOPHER GORDY,<br>Limestone Correctional Facility, | ) |
|     Respondent. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on November 27, 2018, recommending denial of Petitioner Curtis Thornton's motion to expand the habeas record and petition for writ of habeas corpus. Doc. 30. Thornton filed objections to the report and recommendation on December 13, 2018. Doc. 31.

Thornton argues the magistrate judge erred by adjudicating his habeas petition pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. *Id.* at 1. *See* Doc. 1 at 1-2 (same). Thornton declares he "should not be bound by the rules governing § 2254 petitions" because he challenges "a void judgment pronounced by a court without jurisdiction, and not an alleged trial error." *Id.* at 1-2. This argument lacks merit because the report and the record reflect that the State of Alabama holds Thornton in custody pursuant to the judgment and sentence entered

by the Circuit Court of Jefferson County, Alabama, upon convictions for arson-related offenses. Doc. 30 at 5 (citing Doc. 18-5 at 26, 67-68). In that respect,

> [a] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. *That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254.* If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

*Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) (emphasis added); *see also Phillips v. Price*, No. 2:15-CV-00028-RDP-JHE, 2016 WL 3387047, at *1 (N.D. Ala. June 20, 2016) ("Because [defendant] is 'in custody pursuant to the judgment of a State court' and challenging the validity of his conviction and sentence, he is subject to the requirements of § 2254, regardless of how he styles his petition."). Accordingly, Thornton's challenge to the validity of the state court judgment must proceed under Section 2254.

Throughout his objections, Thornton attempts to collaterally challenge his conviction and sentence in the state court by insisting that Alabama Code (1975) § 15-21-6(b) and the State and Federal Constitutions override the procedural methods set out in Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 31 at 2-5. The magistrate judge conducted an exhaustive review of all the issues

related to this challenge, *see* doc. 30 at 13-15, 24-32, 44-45, and the undersigned finds the magistrate judge correctly addressed each of those issues. Thus, Thornton's objections are rejected. For the same reason, the court also rejects Thornton's conclusory assertions that the magistrate judge erred by recommending the court reject his claims that the trial court violated his constitutional rights by (1) failing to afford him an opportunity to object prior to consolidating the offenses, (2) failing to consider the pre-sentence report recommendation, and (3) handing down a grossly disproportionate sentence. *See* doc. 31 at 3-4. *See also* doc. 30 at 37-42, 56-61.

Finally, Thornton objects to the magistrate judge's recommendation that the court decline to expand the record to include numerous DVDs of witness interviews he proffered in support of his gateway actual innocence claim. Doc. 31 at 5. *See also* Doc. 30 at 16 (citing Doc. 26). But, Thornton admits that defense counsel had all of the DVDs prior to trial. *See* doc. 30 at 17 (citing Doc. 28 at 2). Moreover, the magistrate judge correctly reported that: (1) counsel questioned Bobbie Mayfield and Sharon Maniaci at trial about the specific inconsistencies and contradictory interview statements alleged by Thornton; (2) counsel cross-examined Christopher Davis about changes between his trial testimony and pre-trial interview, and, in any event, Davis's pre-trial interview and the record as a whole did not demonstrate that no reasonable juror would have found Thornton

3

guilty of any of his six arson-related convictions; (3) in light of the trial evidence, the alleged interview statements made by non-testifying witnesses Michael Blancher and Anthony Weaver also failed to demonstrate that no reasonable jury would have found Thornton guilty beyond a reasonable doubt if the alleged interview content had been considered; and (4) Thornton's reference "to other DVD's," the content of which are unknown, wholly failed to meet the standard for a gateway claim. Doc. 30 at 17-21. Accordingly, Thornton's objections are rejected, and the court **DECLINES** to expand the record.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and his recommendation is **ACCEPTED**. Petitioner's objections are **OVERRULED**. Accordingly, the petition for writ of habeas corpus is due to be **DENIED** and **DISMISSED WITH PREJUDICE**. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings. A separate Final Order will be entered.

**DONE** the 21st day of December, 2018.

                                          **ABDUL K. KALLON**
                                    UNITED STATES DISTRICT JUDGE